STOKER, Judge.
In this case the plaintiff, former wife of the defendant, claims one-half of the enhancement in value of stock of a corporation owned by the defendant former husband as his separate property. The trial court gave judgment for the plaintiff former wife.
The following are the trial court’s oral transcribed reasons for judgment:
“RULING OF THE COURT
“BY THE COURT:
“After considering the evidence and the testimony in this case, the Court will make the following findings:
“Plaintiff Mrs. Barbara B. Denson, formerly Hartfield, and Defendant George David Hartfield were married on October 15th, 1983 and legally separated on July the 8th, 1987.
*180 “Defendant incorporated a wireline business known as Hartfield Technical Services, Incorporated, hereinafter referred to as HTS, prior to his marriage to plaintiff, owning 50 percent of the stock. After the marriage the corporation purchased the 50 percent of the stock owned by the other partner as Treasury Stock, resulting in the defendant’s ownership of 100 percent of the stock.
“Plaintiff worked for HTS from sometime shortly after their marriage in 1983, initially doing odd jobs. Early in 1984 she began working as a salesperson, until she was fired sometime in July of 1987.
“The evidence shows that plaintiff performed the bulk of the sales for HTS during the period of time she was working for it, but she was not compensated for this work until April the 30th, 1987, when she was paid a net monthly check of $2,545.75, or a total net salary of $8,637.25 as of July 7th, 1987. She was, during the period that she worked, also paid expenses.
“The Court finds that plaintiffs work increased the value of HTS and its stock and that her work enhanced and increased the value of the defendant’s stock as much as that of her husband, the defendant. Under Louisiana Civil Code Article 2268, the Court finds that the plaintiff is entitled to be reimbursed from the defendant one-half of the increase in the value of his stock in HTS.
“The Court accepts as being more credible the testimony of the plaintiff’s expert, Mrs. Daphne Barrios, and finds that the increase in the value of HTS stock on July 8th, 1987 was $305,851.00. Therefore, the plaintiff is entitled to one-half of that increase or $152,925.50. The Court will not credit the amount of salary that the plaintiff received from HTS, because it was undisputed that it was placed in a joint account with the defendant having equal access.
“Judgment is therefore rendered in accordance with the joint stipulation of the parties and the foregoing findings of the Court, ordering the defendant to pay $152,-925.50 to the plaintiff. The costs of this proceeding shall be paid one-half by each party, and the Court will include as costs the following expert witness fees: $350.00 for each expert in this case. Judgment will be signed upon presentation. If you will prepare the judgment and send it to me in Crowley at P.O. Box 1980, I will then sign it and make it part of the record.”
The governing law of this case is contained in Article 2368 of the Louisiana Civil Code as revised in 1979. Acts 1979, No. 709, § 1. The article and the comments directed to it are as follows:
“Art. 2368. Increase of the value of separate property
If the separate property of a spouse has increased in value as a result of the uncompensated common labor or industry of the spouses, the other spouse is entitled to be reimbursed from the spouse whose property has increased in value one-half of the increase attributed to the common labor.
Acts 1979, No. 709, § 1.”
“Revision Comment — 1979
“Under this provision, when separate property has increased in value due to the uncompensated common labor and industry of either spouse, the other spouse is entitled to one-half of the increase. To the extent that a spouse is compensated for his labor, no reimbursement is due.
“Prior Civil Code Article 2408 provided a right of reimbursement when separate property increased in value due to the common labor, interpreted as the labor of either spouse. Reimbursement could not be obtained if the increase was due to the ordinary course of things only. See Beals v. Fontenot, 111 F.2d 956 (5th Cir.1940); Abraham v. Abraham, [230 La. 78] 87 So. [So.2d] 735 (La.1956).”
This codal revision is extensively discussed by Spaht and Hargrave in 16 Louisiana Civil Law Treatise: Matrimonial Regimes, § 7.18 (1989).
The appellant former husband relies on jurisprudence set forth in Pellerin v. Pellerin, 550 So.2d 1250 (La.App. 4th Cir.1989); Guarisco v. Guarisco, 526 So.2d 1126 (La. *181 App. 1st Cir.1988); and Phillips v. Wagner, 470 So.2d 262 (La.App. 5th Cir.), writ denied, 474 So.2d 948 (La.1985). For the reasons that follow we do not find these cases controlling in this instance.
In all of the cases relied upon by the appellant, the husband was the active marriage partner in the promotion of the business of his separately owned corporation. In each case the husband was adequately compensated by the corporation for his efforts which enhanced the valuation of the corporate stock or it was not proved that the enhancement was not the result of the natural order of events.
The first element of proof which a spouse claiming under Article 2368 (LSA-C.C. art. 2368) must make is that the increased value of the separate property in question resulted from the “uncompensated common labor or industry of the spouses.” As noted in the comment quoted above, the reference is to the “common labor and industry of either spouse.” (Emphasis supplied.) See Spaht and Hargrave, supra, at page 305. Under the facts as found by the trial judge (by which we are bound), the plaintiff worked without compensation for Hartfield Technical Services (HTS) from 1983 until April 30, 1987. She was compensated from that date until she was fired on July 7, 1987. From this period her compensation totaled $8,637.25. We have no hesitancy in agreeing with the trial judge’s finding that “plaintiffs work increased the value of HTS and its stock and that her work enhanced and increased the value of defendant’s stock as much as that of her husband, the defendant.”
The appellant urges that appellee failed to prove her case under the burden of proof standard set forth in Guarisco v. Guarisco, supra. The Guarisco court held that the claimant spouse must make the following proof relative to the enhanced value of the stock held as separate property of the other spouse:
1. The value of the stock at the time of marriage.
2. The value the stock would have had at the time of dissolution of the marriage had either spouse not contributed uncompensated community labor or industry to the corporation.
3. The value of the stock at the dissolution of the marriage.
4. The enhancement claimed was not due to the natural course of events.
We find it unnecessary to comment on the validity of this test or whether it would be useful to attempt to follow it. However, we recognize that test number four must be met. As noted in the comment under LSA-C.C. art. 2368, no reimbursement can “be obtained if the increase was due to the ordinary course of things only.” However, under Guarisco, the burden of proof on this issue is placed on the claiming spouse. With due respect to the Guarisco court, we do not necessarily agree that the burden should be placed on the claiming spouse.
In any event, if the appellee here, as the claiming spouse, had the burden of proof, we feel that it was discharged. From the facts as found by the trial court, we conclude that the bulk of the sales work for HTS was performed by appellee, and this indicates by a preponderance of the evidence that the enhancement in value of the stock did not result from chance or the “ordinary course of things.” It is more likely that the enhancement is due solely to the sales and promotion efforts of appellee than any other factor.
Apparently writing before Guarisco was handed down, the authors in 16 Louisiana Civil Law Treatise: Matrimonial Regimes, had this to say at page 311:
“If it is proved that separate property has increased in value due to the uncompensated labor of a spouse, then arguably there is proof that the property did not increase due to the ordinary course of things. Furthermore, shifting the burden of persuasion to the spouse whose separate property has increased in value to prove that the increase was due to the ordinary course of things seems eminently fair. Many times the separate property alleged to have increased in value is a separate partnership interest or *182 separate stock in a closely held corporation. Under such circumstances the spouse in a position to know whether an increase in value is the result of a rise in property values or inflation is the spouse whose separate property has benefited.”
We agree with this position and decline to place the burden of proof to show natural enhancement on the claiming spouse.
CONCLUSION
For the reasons given above, we affirm the judgment of the trial court. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.